# UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRISTOPHER D. SCOTT )<br>       Plaintiff,          )<br>                                )<br>v.                          )<br>                                )<br>                                )<br>UNITED STATES GOVERNMENT,  )<br>       Defendant.           ) | | Case No.:1:22-cv-10611 |

## COMPLAINT AND JURY DEMAND

Plaintiff, Christopher D. Scott, by his attorneys, bring this complaint against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), stating as follows:

## NATURE OF THE ACTION

1. This is a personal injury action arising out of motor vehicle accident which occurred on or about April 24, 2020 at approximately 6:15 a.m., Mr. Christopher Scott was traveling on Greenville Avenue in Johnston, Rhode Island while in the course and scope of his employment with Mega Disposal.  As Mr. Scott was traveling straight, a vehicle owned by the United States Government (2019 Chevrolet, PA Reg #2543V) and operated by the Defendant's employee, Connie Pond, made a left-hand turn in front of the Plaintiff's vehicle, causing a collision.

## PARTIES

2. Plaintiff Christopher D. Scott, is an individual residing at 15 Lawton Avenue, #3, Taunton, Bristol County, Massachusetts.

3. At all relevant times, the Defendant, the United States of America, acted through its agency, the United States Department of Agriculture.

## JURISDICTION & VENUE

4. This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq., against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

5. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1), because the United States is a defendant.

## STATUTORY BASIS OF LIABILITY AGAINST
## THE UNITED STATES OF AMERICA

6. This case is brought against the United States of America pursuant to 28 U.S.C. § 2671 et seq., commonly referred to as the "Federal Tort Claims Act".  Liability of the United States is predicated specifically on 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages that form the basis of this complaint, were proximately caused by then negligence, wrongful acts and/or omissions of employees of the United States of America through its agency, the United States Department of Agriculture.  The employee was acting within the course and scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Massachusetts.

7. Pursuant to 28 U.S.C. § 2675, this claim was presented to the appropriate agency of Defendant, the United States of America, namely the United States Department of Agriculture on June 3, 2021, for the claims of Plaintiff, Christopher Scott. Said Defendant failed to respond and, thus, on December 3, 2021, the claims were deemed denied by operation of law.

## CAUSE OF ACTION – NEGLIGENCE

8. Plaintiff repeats and reavers paragraphs 1 through 7 as if realleged herein.

9. On or about April 24, 2020, the Defendant's employee, negligently operated the motor vehicle by failing to yield the right of way and attempting to make a left-hand turn in front of the Plaintiff's vehicle when it was unsafe to do so causing a collision and thereby causing the Plaintiff to sustain serious personal injury.

10. As a direct and proximate result of the Defendant's negligence, the Plaintiff was caused to incur medical expenses and suffered an impairment to his ability to enjoy life and attend to his usual activities.

11. At all times material herein, the Plaintiff was in exercise of due care and free from all comparative negligence.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against the Defendant as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For pre-judgment and post-judgment interest as allowed by law;
4. For costs of suit incurred herein; and
5. For such other and further relief as this Court may deem just and proper.

DATED: April 23, 2022            Keches Law Group, PC

/s/ Timothy A. Nolte
Timothy A. Nolte, Esq.,
BBO #699259
KECHES LAW GROUP, P.C.
2 Lakeshore Center, 3rd Floor
Bridgewater, MA 02324
Tel. No.: (508) 822-2000
tnolte@kecheslaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Christopher D. Scott, demands a trial by jury on all triable issues.

DATED: April 23, 2022            /s/ Timothy A. Nolte
Timothy A. Nolte, Esq.,
Keches Law Group, PC
*Attorney for the Plaintiff*